UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ASHLEY WINGER                                                                                              Plaintiff

v.                                               CIVIL ACTION NO. 3:22-cv-192-RGJ

KINDRED HEALTHCARE OPERATING,                          Defendant
INC.

\* \* \* \* \*

### **PETITIONER'S RESPONSE TO COURT'S SHOW CAUSE ORDER**

Petitioner, Ashley Winger, by counsel, submits the following Response to the Court's Order entered August 3, 2022 [DE 4] directing the Petitioner to show cause why this action should not be dismissed because service was not made within 90 days of filing the Verified Petition. For the good cause stated below, Petitioner requests that this action not be dismissed.

1. This action was filed on April 8, 2022. At that time, Petitioner's counsel attempted to effect service of the Summons and Verified Petition via certified mail on Respondent's Registered Agent for service of process in Kentucky: CT Corporation System. The Respondent was listed as being in good standing on the Kentucky Secretary of State website at the time service was attempted.

2. On April 18, 2022, the undersigned counsel for Petitioner was contacted by Scott Wandstrat, Chief Litigation Officer for Kindred at Home, who indicated that he had received Petitioner's Verified Petition, which he attached to his April 18th email, and that he wanted to set up a call to discuss the case.

3. The undersigned and Mr. Wandstrat subsequently had a telephone call on April 19,

2022 to discuss the case. During that call, Mr. Wandstrat indicated that Gentiva Certified Healthcare Corp. was the successor-in-interest to Kindred Healthcare Operating, Inc. and was doing business as Kindred at Home ("Kindred at Home"). The undersigned and Mr. Wandstrat agreed during the call that he parties should attempt to mediate their underlying disputes in an effort to avoid arbitration, and Mr. Wandstrat indicated that he was going to retain outside counsel for Kindred at Home who would be in touch with the undersigned about setting up the mediation and accepting service of the Summons and Verified Petition.

4. In or around early May 2022, the undersigned received a return of the certified mail package containing the Summons and Verified Petition that was sent to the Respondent's Registered Agent, indicating that CT Corporation had not accepted delivery of the package.

5. On May 26, 2022, the undersigned emailed Mr. Wandstrat indicating that he had not yet heard from Kindred at Home's outside counsel. The next day, the undersigned received an email from Mr. Wandstrat indicating that he had reached out to Lira Johnson at Dinsmore and Shohl's Louisville office and asked her to get in touch with the undersigned. Ms. Johnson did subsequently reach out to the undersigned but it took several weeks for the two to connect due to scheduling issues on both ends. When the undersigned finally did connect with Ms. Johnson, he requested that she agree to accept service of the Summons and Verified Petition on behalf of the Respondent, and that, if necessary, the parties could then tender an Agreed Order to the Court substituting Gentiva d/b/a Kindred at Home as the Respondent in the case. Ms. Johnson indicated that she had no objection to the undersigned's proposed course of action but that she needed to confirm with her client that it was acceptable for her to do so and she would then get back to the undersigned.

6. Since the Court's show cause Order entered on August 3, 2022, the undersigned has

reached out to Ms. Johnson by telephone and by email asking her to confirm that she will accept service of process of the Summons and Verified Petition on behalf of the Respondent. To date, Petitioner's counsel has heard nothing back from Ms. Johnson.

7. Petitioner respectfully submits that the above-referenced circumstances constitute good cause for why the Summons and Verified Petition were not served within 90 days of filing same. Petitioner's counsel did make efforts to serve the Summons and Verified Petition on the Respondent through both formal and informal means. Further, the Respondent has undoubtedly been aware of the filing of Verified Petition for several months.

8. Consequently, Petitioner respectfully requests that the Court not dismiss this action. Petitioner further requests that the Court allow her a period of fourteen (14) days from the date of this filing to either: (i) confirm that Kindred at Home's counsel will accept service of the Summons and Verified Petition; or (ii) file a motion for leave to amend the Verified Petition to name Kindred at Home, successor-in-interest to Kindred Healthcare Operating, Inc., as the Respondent in this case, along with her tendered First Amended Petition. If the motion is granted, Petitioner will then make prompt and diligent efforts to serve the Summons and First Amended Petition on Kindred at Home's registered agent for service of process in Kentucky. Kindred at Home and Kindred Healthcare Operating, Inc. each have the same registered Agent located at the same address: CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

Respectfully submitted,

/s/ *Michael A. Valenti*
Michael A. Valenti, Esq.
Hayden Holbrook, Esq.
VALENTI HANLEY, PLLC
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
(502) 568-2100

(502) 568-2101 (fax)
mvalenti@vhrlaw.com
hholbrook@vhrlaw.com
***Counsel for Petitioner, Ashley Winger***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2022, a true and correct copy of the foregoing Petitioner's Response to Court's Show Cause Order was served via the Court's Electronic Case Filing System to all counsel of record.

*/s/ Michael A Valenti*
*Counsel for Petitioner*